UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY TIPPIN,

    Plaintiff,

vs.                          CASE NO.:

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, AMY TIPPIN, ("Tippin"), by and through the undersigned attorney, and sues the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. ERISA provides for nationwide service of process. 29 U.S.C. §1132(e)(2).

4. This Court has venue pursuant to 29 U.S.C. §1132(e)(2). In particular, in ERISA actions, venue is proper where a defendant resides or may be

found.  Here, Unum can be found in the state of Florida as well as in the county of Hillsborough.  It is an authorized insurer in the state of Florida and has agents in Hillsborough County, Florida.  See attached Exhibit "A."

5. Tippin is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

6. Tippin was an employee of The Goodyear Tire & Rubber Co. ("Goodyear" or "Employer") and as such she was insured through a group disability policy issued to Goodyear by Unum.

7. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

8. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

9. A copy of the applicable Plan document is in the possession of Unum.

10. Unum is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

11. Unum denied and/or terminated Tippin's claim finding that she was not disabled under the terms of the Plan.  Unum's last denial letter is dated February 4, 2022.

12. With respect to the claims made herein, Tippin has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
**(Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))**

Tippin incorporates the allegations contained in paragraphs 1 through 12 above, and further states:

13. The Plan provided for the payment of long term disability benefits in the event Tippin became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

14. Tippin was and is disabled as defined by the Plan at all times material hereto.

15. Tippin made a claim for Plan benefits. Said claim for benefits was terminated or denied.

16. Tippin is entitled to Plan benefits.

17. Unum has failed and refused to pay Tippin sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

18. Because of the failure to pay benefits pursuant to the terms of the Plan, Tippin has been forced to retain the undersigned attorneys and is obligated to

pay them a reasonable attorney's fee. Tippin is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Tippin, prays for relief from defendant, Unum, for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Dated:  March 16, 2022

*/s/Gregory D. Swartwood*
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff